UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAMES JACKSON AND**<br>**MELISSA CELESTINE** | CASE NO. _____ |
| **VERSUS** | |
| **RBA AND COMPANY, LLC,**<br>**A&R DEVELOPMENT, INC., AND**<br>**RAMI B. AJAM** | |

___

## COMPLAINT
___

Plaintiffs, James Jackson ("Mr. Jackson") and Melissa Celestine ("Ms. Celestine") are individuals of the full age of majority who bring this complaint against RBA & Company, LLC, A&R Development, Inc., and Rami D. Ajam stating the following:

*Defendants*

1.

Made Defendants herein and liable unto the Plaintiffs are the following:

- RBA and Company, LLC, a Louisiana limited liability company with its principal place of business at 106 Farmington Drive, Lafayette, LA 70503;

- A&R Development, Inc., a domestic corporation with its principal office located at 106 Farmington Drive, Lafayette, LA 70502; and

- Rami B. Ajam, an individual of the full age of majority who is a resident and domiciliary of the State of Louisiana.

*Jurisdiction and Venue*

2.

This Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 because the Plaintiffs file this action pursuant to the Fair Labor Standards Act (29 U.S.C. § 201, *et seq.*) ("FLSA").

3.

In addition to this Court's original jurisdiction over the Plaintiffs' claims arising from the FLSA, this Court has supplemental jurisdiction over the Plaintiffs' Louisiana Penalty Wage Act claims in accordance with 28 U.S.C. § 1367.

4.

Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because all of the defendants reside within this district.

*Plaintiffs' FLSA Claims*

5.

Defendants employed Mr. Jackson from on or about August 1, 2019 until September 13, 2019. Defendants employed Ms. Celestine from June of 2019 until September 13, 2019.

6.

During the time period relevant to this lawsuit, Mr. Jackson was employed as a cook. For the first month of Mr. Jackson's employment with the Defendant, Mr. Jackson was paid $1800.00 per month. However, the Defendants reduced Mr. Jackson's pay based upon the number of days he worked. Beginning on September 2, 2019, Mr. Jackson's compensation was changed to $10.50 per hour.

7.

During the time period relevant to this lawsuit, Defendants employed Ms. Celestine as a cashier. Ms. Celestine received $8.50 per hour as compensation.

8.

Mr. Jackson was a non-exempt employee of the Defendants during the time period to which this action pertains because Mr. Jackson never received a salary of a minimum of $455.00 per week. Ms. Celestine was a non-exempt employee of the Defendants because she received an hourly wage.

9.

Plaintiffs would routinely work in excess of 40 hours in a workweek.

10.

Despite the fact that Plaintiffs were non-exempt employees under the FLSA, they were not paid an overtime rate of one and one-half times their regular rates of pay for all hours worked in excess of 40 hours per week. From time-to-time, Defendants did pay Ms. Celestine some overtime compensation; however, such overtime compensation did not cover all hours worked in excess of 40 hours in a workweek.

11.

At all times relevant herein, Defendant Rami Ajam was the managing member of RBA and Company, LLC. Additionally, Rami Ajam is a director and officer of A&R Development, Inc. Upon information and belief, Rami Ajam established the policy not to pay overtime compensation to the Plaintiffs. Additionally, Rami Ajam negotiated and entered into the employment agreement between Plaintiffs and the Defendants.

12.

RBA and Company, LLC and A&R Development, Inc. are an "enterprise" as that term is defined by the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1). Specifically, RBA and Company, LLC and A&R Development, Inc. own and operated gas stations and convenient stores. These gas stations and convenient stores sell fuel and inventory that was produced in interstate commerce.

13.

On information and belief, Defendants RBA and Company, LLC and A&R Development, Inc. each have annual revenue that exceeds $500,000.00 for all years relevant to this matter.

14.

On information and belief, Plaintiffs, during and in connection with their employment with Defendants, used computer systems, equipment, supplies, and instruments that were produced in commerce.

15.

Defendants are Plaintiffs' "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d). Defendants (1) controlled Plaintiffs' method and manner of work; (2) controlled the schedule for when Plaintiffs would work; and (3) had a much larger investment, in comparison to Plaintiffs, relative to the work performed.

16.

Section 207(a)(2)(C) of the FLSA mandates that employees are entitled to overtime pay at a rate of no less than one and one-half times the employee's regular rate for all hours worked in excess of 40 hours per week.

17.

In addition to not paying Plaintiffs proper overtime compensation, Defendants would automatically deduct 30 minutes per day from Plaintiffs' pay for a "lunch break;" however, Plaintiffs were never allowed or given the opportunity for a thirty minute per day break. Rather, Plaintiffs were instructed to work throughout their entire shift.  This deductive wage policy is a violation of the FLSA.

18.

The Defendants have willfully refused to pay overtime to Plaintiffs for hours worked in excess of 40 hours per week in an attempt to extract a higher profit margin for the Defendants.

19.

The Defendants' failure to pay Plaintiffs overtime compensation was unreasonable and lacked good faith, and as such, the Defendants are liable to Plaintiffs for the unpaid overtime compensation, liquidated damages, and reasonable attorney's fees and costs.

*Plaintiffs' Louisiana Penalty Wage Act Claim*

20.

Plaintiffs incorporate herein the preceding paragraphs as if stated herein for this claim for relief.

21.

La. R.S. 23:631(A)(1)(a) provides the following:

Upon the discharge of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay the amount then due under the terms of the employment, whether the employment is by the hour, day, week, or month, on or before the next regular payday or no later than fifteen days following the date of discharge, whichever occurs first.

22.

Plaintiffs and Defendants entered into an agreement wherein Defendants would pay Plaintiffs on the 6th and 21st of each month.

23.

Plaintiffs' last date of employment with Defendants was on September 13, 2019. The next regular payday was September 21, 2019.

24.

On September 21, 2019, Defendants did not pay Plaintiffs.

25.

On September 30, 2019, Plaintiffs sent written demands to Defendants, through certified mail, seeking payment in full of all earned wages.

26.

More than 72 hours have elapsed from the date of demand, and Plaintiffs have still not received their unpaid wages.

27.

The Defendants' refusal to pay the wages to the Plaintiffs was arbitrary, capricious, and unreasonable. Accordingly, Plaintiffs are entitled to penalty wages as defined by La. R.S. 23:632, plus their reasonable attorney's fees and costs.

**WHEREFORE,** Plaintiffs pray that there be service and citation upon the Defendants, and that after all legal delays and proceedings there be a judgment rendered in favor of the Plaintiffs and against the Defendants, RBA and Company, LLC, A&R Development, Inc., and Rami Ajam, *in solido*, for accumulated wages at the overtime rate as required by law, and an

equal sum as liquidated damages, reasonable attorney's fees, interest on all sums due and owing from the date of judicial demand until paid, and for all costs of this proceeding.

Additionally, Plaintiffs pray that there be a judgment rendered in their favor and against RBA and Company, LLC and A&R Development, Inc. for unpaid wages, penalty wages, reasonable attorney's fees, costs of this proceeding, and interest on all sums due and owing from the date of judicial demand until paid, and for all costs of this proceeding.

Respectfully Submitted:

**THE BULLMAN LAW FIRM, LLC**

*/s/James R. Bullman*
James R. Bullman, Bar Roll No. 35064 –T.A.
201 St. Charles Street
Baton Rouge, LA 70802
Telephone:  (225) 993-7169
Facsimile:  (225) 387-3198
Email: james@thebullmanlawfirm.com
*Attorney for Plaintiffs*