## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

**JAMES JACKSON ET AL**               **CASE NO.  6:19-CV-01450**

**VERSUS**                            **JUDGE JUNEAU**

**R B A & CO L L C ET AL**            **MAGISTRATE JUDGE HANNA**

### <u>MEMORANDUM ORDER</u>

Before the Court is Plaintiffs' Motion to Compel. (Rec. Doc. 15). Defendants did not file an opposition. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, the Motion is GRANTED IN PART AND DENIED WITHOUT PREJUDICE IN PART.

Plaintiffs filed this suit in November 2019 for alleged violations of the Fair Labor Standards Act by Defendants, RBA and Company, LLC, A&R Development, Inc., and Rami Ajam. (Rec. Doc. 1). Plaintiffs filed the Motion to Compel at issue on July 14, 2020 arguing that the parties stipulated to provide initial disclosures by April 28, 2020, and that Defendants failed to do so. Plaintiffs further contend that Defendants failed to respond to interrogatories and requests for production within thirty days. (Rec. Doc. 15-1).

Shortly after Plaintiffs filed the Motion to Compel, Defendants' counsel filed a Motion to Withdraw, citing as grounds for withdrawal Defendants' failure to substantially fulfill their obligations and Defendants' rendering of the representation

as unreasonably difficult. (Rec. Doc. 18). The Court conducted a telephone hearing on July 23, 2020, at which time the Court advised that juridical entities cannot be unrepresented. Thus, the Court ordered Defendants to advise the Court whether new counsel would be retained to represent the entities, RBA and A&R. (Rec. Doc. 20; 21). Defendants' counsel, Andrew Halverson, thereafter advised the Court that new counsel could not be retained for RBA and A&R; however, Mr. Halverson was allowed to withdraw from representation of Mr. Ajam. (Rec. Doc. 22; 23). The Court further provided Defendants until August 21, 2020 to oppose Plaintiffs' Motion to Compel. (Rec. Doc. 23). Defendants did not file an opposition. This case has not been scheduled for trial, and no scheduling order has been issued.

F.R.C.P. Rule 26(a) mandates that parties exchange initial disclosures, including the names of individuals with discoverable information, the subjects of that information, copies of pertinent documents, electronically stored information, a computation of damages, and applicable insurance policies, within fourteen days of the conference mandated by Rule 26(f). Parties may not seek discovery until after a Rule 26(f) conference. F.R.C.P. Rule 26(d)(1). A Rule 26(f) conference shall be conducted "as soon as practicable--and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due[.]" F.R.C.P. Rule 26(f)(1).

Plaintiffs submit, and Defendants do not contest, that they conducted a Rule 26(f) conference on April 28, 2020 and that they agreed to serve initial disclosures within fourteen days. (Rec. Doc. 15-1). Defendants do not contest that they have failed to provide initial disclosures or to respond to Plaintiffs' interrogatories and requests for production.

Plaintiffs further contend Defendants have waived their objections by failing to timely comply with discovery requests. Although "as a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived" (*In re U.S.,* 864 F.2d 1153, 1156 (5th Cir. 1989)), the Court will not impose the harsh sanction of waiver of objections here, where there is no evidence of bad faith and Defendants have not violated a court order. See discussion in *Nettles v. ING N. Am. Ins. Corp.,* No. CV 05-172-C-M2, 2006 WL 8432730, at *2 (M.D. La. July 24, 2006). Similarly, the Court declines to award expenses and attorneys' fees authorized by F.R.C.P. Rule 37 at this stage, considering the issues regarding Defendants' representation. See Rec. Doc. 20-22.

Accordingly,

IT IS ORDERED that Plaintiffs' Motion to Compel is GRANTED IN PART AND DENIED IN PART. The Motion is GRANTED insofar as it seeks to compel Defendants to provide initial disclosures and responses to Plaintiffs' interrogatories and requests for production. The Motion is DENIED WITHOUT PREJUDICE

3

insofar as it seeks an award of attorneys' fees and costs, with Plaintiffs retaining the right to re-urge the motion should Defendants fail to comply with this Order.

IT IS FURTHER ORDERED that Defendants shall provide initial disclosures and responses to Plaintiffs' interrogatories and requests for production within fifteen (15) days.

THUS DONE in Chambers, Lafayette, Louisiana on this 31st day of August, 2020.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE