UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **JAMES JACKSON ET AL** | **CASE NO.  6:19-CV-01450** |
| **VERSUS** | **JUDGE JUNEAU** |
| **R B A & CO L L C ET AL** | **MAGISTRATE JUDGE HANNA** |

## MEMORANDUM ORDER

Before the Court is Plaintiffs' Motion for Sanctions (Rec. Doc. 31). Defendants did not file an opposition. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, the Motion is GRANTED IN PART AND DENIED IN PART.

### Factual Background

Plaintiffs filed this suit in November 2019 for alleged violations of the Fair Labor Standards Act by Defendants, RBA and Company, LLC, A&R Development, Inc., and Rami Ajam. (Rec. Doc. 1). In July 2020, Plaintiffs filed a motion to compel Defendants to provide initial disclosures and provide discovery responses. Shortly thereafter, Defendants' counsel, attorneys with the Ogletree Deakins law firm, moved to withdraw on the grounds that Defendants had failed to comply with their financial obligations and that Defendants had rendered the representation unreasonably difficult. Because corporate entities cannot be left unrepresented, the Court allowed counsel to withdraw from representing Mr. Ajam personally;

although, they would be retained as counsel of record for RBA and Company, LLC and A&R Development, Inc. (Rec. Doc. 22; 23).

On August 31, 2020, the Court ordered Defendants to provide initial disclosures and discovery responses within fifteen (15) days. (Rec. Doc. 25). On October 28, 2020, Plaintiffs filed the instant Motion for Sanctions. Plaintiffs maintain that Defendants have still failed to provide any responses to discovery as ordered.[1] Plaintiffs move for sanctions in the form of an order from the Court establishing certain facts favorable to their FLSA claims. (Rec. Doc. 31, ¶10). Importantly, Mr. Ajam participated in one court-ordered conference on July 23, 2020; however, despite subsequent orders, Mr. Ajam has not participated in any other conferences or responded to any subsequent pleadings or orders. (See e.g. Rec. Doc. 27).

## **Applicable Law**

Pursuant to F.R.C.P. Rule 37, "If a party…fails to obey an order to provide or permit discovery, … the court where the action is pending may issue further just orders [which] may include the following:

(i)  directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

---

[1]  According to Plaintiffs, the entities provided discovery responses incorporating by reference Mr. Ajam's discovery responses; however, Mr. Ajam has failed to provide any responses. (Rec. Doc. 31, ¶6-8; Rec. Doc. 31-2).

2

- (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
- (iii) striking pleadings in whole or in part;
- (iv) staying further proceedings until the order is obeyed;
- (v) dismissing the action or proceeding in whole or in part;
- (vi) rendering a default judgment against the disobedient party; or
- (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

F.R.C.P. Rule 37(b)(2)(A)

"Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Rule 37(b)(2)(C). The Fifth Circuit also provided the following guidance to district courts imposing sanctions under Rule 37:

> We read Rule 37 as establishing a flexible means by which a court may enforce compliance with the Federal discovery procedures through a broad choice of remedies and penalties. Although a trial judge's latitude in framing orders and in penalizing failures to comply is broad, his discretion is not limitless. And although Rule 37(b) applies to all failures to comply, whether wilful or not, the presence or lack of good faith in the parties is relevant to the orders which should be given and the severity of the sanctions.
>
> *B. F. Goodrich Tire Co. v. Lyster*, 328 F.2d 411, 415 (5th Cir. 1964) (citations omitted).

The Court finds that Defendants have willfully failed to cooperate in these proceedings and the discovery process. Defendants failed to comply with a Court order to respond to discovery. Thus, sanctions are warranted.

Plaintiffs move for an order from the court designating certain facts as established. As one court noted, "[w]hile F.R.C.P. 37(b)(2)(A) may allow the Court to designate certain facts as established in the instance of a defendant's repeated refusal to cooperate in the discovery process, this Court finds that there is a huge distinction between designating *certain facts* and allowing the plaintiff to prove an entire theory of recovery that is unsupported by the record." *In re Pride Int'l, LLC*, 358 B.R. 681, 687 (Bankr. W.D. La. 2006) (emphasis in original). Here, Plaintiffs ask the Court to designate facts which, if proven, could support an award on the merits in their favor.

Granting Plaintiffs' request for relief would amount to Plaintiffs prevailing on their claims without evidentiary support. However, the Court is sympathetic to Plaintiffs' inability to obtain the necessary evidence from Defendants due to their failure to respond to discovery. The Court finds that the following facts are designated as established, because evidence in support of such facts must necessarily be provided by Defendants, and, indeed, Plaintiffs sought as much in discovery (see Rec. Doc. 31-2, p. 2):

1. Defendants had gross revenue of more than $500,000.00 for the years 2018 and 2019.
2. Defendants are engaged in interstate commerce by operation of gas stations.

The Court finds that the following facts should not be designated as established as such facts appear to be supportable with Plaintiffs' evidence and/or testimony:

3. James Jackson was an employee of Defendants from August 5, 2019 through September 13, 2019.
4. Melissa Celestine was an employee of Defendants from June 16, 2019 through September 13, 2019.
5. Defendants failed to pay James Jackson $763.87 in gross wages for his work in connection with the pay period of September 1, 2019 through September 15, 2019.
6. Defendants failed to pay Melissa Celestine $799.00 in gross wages for her work in connection with the pay period of September 1, 2019 through September 15, 2019.

Accordingly,

IT IS ORDERED that Plaintiffs' Motion for Sanctions is GRANTED IN PART AND DENIED IN PART. The Motion is GRANTED insofar as it seeks to designate the following facts as established:

1. Defendants had gross revenue of more than $500,000.00 for the years 2018 and 2019.
2. Defendants are engaged in interstate commerce by operation of gas stations.

The Motion is DENIED in all other respects.

THUS DONE in Chambers, Lafayette, Louisiana on this 23rd day of November, 2020.

                                                   _____
                                                   PATRICK J. HANNA
                                                   UNITED STATES MAGISTRATE JUDGE